**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Lynda L. Hicks,** | ) | **CASE NO. 1:18 CV 620** |
| | ) | |
| **Plaintiff** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Seterus, Inc.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

## INTRODUCTION

This matter is before the Court upon Defendant Seterus, Inc.'s Motion to Dismiss (Doc. 5). This case arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Ohio Consumer Sales Protection Act ("OCSPA"), Ohio Rev. Code § 1345.01. For the reasons that follow, Seterus's motion is GRANTED IN PART AND DENIED IN PART.

## FACTS

Plaintiff Lynda Hicks financed the purchase of a property in Shaker Heights, Ohio, in June 2004. In February 2010, Hicks defaulted on the loan, and the mortgagee, Chase Home Finance LLC, assigned the mortgage to Federal National Mortgage Association ("Fannie Mae"). (Compl. ¶ 4). In January 2011, Fannie Mae succeeded in a foreclosure action against Hicks in

the Cuyahoga County Court of Common Pleas. On December 3, 2014, the trial court confirmed the sale of the property to Fannie Mae pursuant to a sheriff sale and ordered the sheriff to execute and deliver a deed to Fannie Mae. (*Id.* ¶ 6).

On May 21, 2015, the Ohio Eighth District Court of Appeals reversed the trial court's decision, holding that Fannie Mae was not entitled to enforce the note and mortgage. The court reasoned that the original note had been lost by the prior servicer, so Fannie Mae could not enforce the lost note under Ohio Revised Code § 1303.38 because it had not been in possession of the note at the time of the loss. *See Fannie Mae v. Hicks*, 35 N.E.3d 37, 41 (Ohio 8th Dist. 2015) ("*Hicks I*"). Without the right to enforce the note, Fannie Mae was not entitled to enforce the mortgage. *Id.* In finding in favor of Hicks, however, the court cautioned that its holding should not result in a windfall for Hicks:

> The obligation under the note has not disappeared simply because Fannie Mae is not the party entitled to enforce it. Where the foreclosing party cannot prove its entitlement to enforce the note and mortgage, and hence is forbidden the possibility of foreclosure, the party's only remedy is to pass assignments back to the entity from which the obligation was purchased, and so on, until it reaches the party who is entitled to enforce it.

*Id.* at 44.

Hicks had not requested a stay of the confirmation proceedings pending the appeal to the Eighth District and did not appeal the confirmation order. One week after the Eighth District issued its decision in *Hicks I*, Fannie Mae was issued the deed to the property. Following the release of the Eighth District's decision, Hicks filed a proposed judgment entry with the trial court that sought to have the court order Fannie Mae to pay her restitution in the amount of $110,000, the foreclosure purchase price of the property. Fannie Mae opposed the proposed order and asked the court to vacate the confirmation of sale and deed rather than order restitution

2

in the amount of the purchase price because that remedy would result in a windfall to Hicks. The trial court denied Fannie Mae's motion for relief from judgment and ordered that it pay Hicks $110,000 in restitution. On appeal, the Eight District held that the trial court erred by not vacating the foreclosure sale and ordering Fannie Mae to pay restitution. *See Fannie Mae v. Hicks*, 77 N.E.3d 380, 387-88 (Ohio 8th Dist. 2016) ("*Hicks II*"). It reasoned that its "reversal of the foreclosure order served to nullify the foreclosure sale and confirmation order." *Id.* at 388. On remand, it instructed the trial court to vacate the confirmation of sale, order the deed to the property be returned to Hicks, and enter judgment in favor of Hicks on the foreclosure action. *Id.*[1] On February 14, 2017, the trial court issued the order to vacate the sheriff's deed, confirmation, and decree of foreclosure, and rendered judgment in favor of Hicks. (Compl. ¶ 9).

Hicks now alleges that since the Eighth District's decision in *Hicks I* in May 2015 reversing the foreclosure order in favor of Fannie Mae, Defendant Seterus, Inc., which services loans for Fannie Mae, has continually sought to collect the alleged mortgage debt from her. (*Id.* ¶¶ 2, 10). Hicks has received bills from Seterus with the following language:

> THIS COMMUNICATION IS FROM A DEBT COLLECTOR, AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

(*Id.* ¶ 11). Seterus has allegedly sent statements to Hicks quoting varying amounts, including the following:

- April 26, 2016: Amount of $69,932.42 due by April 26, 2016, and quoting outstanding principal as $140,130.13 at 6%.
- March 2017 and April 7, 2017: Amount of $158,596.76 due by April 1, 2017

---

[1] The facts in this paragraph are taken from *Hicks II*, which Hicks referred to in her Complaint.

3

- May 9, 2017 and June 9, 2017: Amount due of $174,543,75, and quoting outstanding principal as $137,931.98.
- November 10, 2017: Amount due of $184,300.89, and quoting outstanding principal as $137,931.98.

and April 7, 2017, respectively.

(*Id.* ¶ 12). According to Hicks, Seterus's debt collection efforts "have continued unabated." (*Id.* ¶ 13).

On February 13, 2018, Hicks filed a lawsuit against Seterus in the Cuyahoga County Court of Common Pleas. She brings three causes of action: (1) violation of the FDCPA; (2) violation of the OCSPA; and (3) emotional distress. Seterus timely removed the action to this Court on the basis of federal question and diversity jurisdiction. It now moves to dismiss Hicks's Complaint. Hicks opposes the motion.

**STANDARD OF REVIEW**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic*

4

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**LAW AND ANALYSIS**

A. FDCPA

Seterus argues that Plaintiff's FDCPA claim must be dismissed because it was filed outside the FDCPA's one-year statute of limitations set forth in 15 U.S.C. § 1692k(d). Under § 1692k(d), the statute begins to run "from the date on which the violation occurs." According to Seterus, Hicks had reason to know of an alleged FDCPA violation immediately following the Eighth District's decision on May 21, 2015, in *Hicks I*, which was more than one year before she filed this action on February 13, 2018. Hicks responds that each attempt by Severus to collect from her constitutes an independent violation of the FDCPA, each of which restarts the limitations period anew. Other than the first collection attempt on April 26, 2016, all of the attempts fall within the one-year limitations period.[2] Hicks is correct.

---

[2] Hicks also argues that Seterus cannot seek dismissal on timeliness grounds because failure to comply with the statute of limitations is an affirmative defense. Although 12(b)(6) is generally "an 'inappropriate vehicle' for dismissing a claim

5

The Sixth Circuit addressed a similar issue in *Michalak v. LVNV Funding, LLC*. There, the plaintiff alleged that "[b]eginning on or about May 2012,...LVNV sent multiple dunning letters to [her]," that "LVNV claimed a different amount ...due" in each letter, and that each new amount was "inconsistent, erratic, and arbitrary." 604 Fed. Appx. 492, 493 (6th Cir. 2015). The district court dismissed the complaint because letters sent in May 2012 were time-barred since the plaintiff had not filed suit until November 2013. The Sixth Circuit reversed. While it acknowledged that letters sent in May 2012 were time-barred, it explained that "each dunning letter may constitute a separate violation of the FDCPA." *Id.* Because use of the word "[b]eginning" implied that Michalak continued to receive dunning letters past May 2012 through some unspecified time, the court held that the complaint did not conclusively establish that the claim was time-barred. *Id.* at 494. *See also Purnell v. Arrow Fin. Servs., LLC*, 303 Fed. Appx. 297, 301-02 (6th Cir. 2008) (holding that each time debt collector reported a disputed debt to a credit reporting agency without first validating the debt "present[ed] a discrete claim for violation of the FDCPA such that only those collection activities taken outside the limitations period would be time-barred").

Here, Hicks alleges that Seterus sent her at least five separate debt collection notices on behalf of Fannie Mae, each quoting different amounts due. As in *Michalak*, each of these letters presents a discrete claim for violation of the FDCPA, only one of which is outside the statute of limitations. As such, Seterus's motion to dismiss Hicks's FDCPA claim for failure to comply

---

based on statute of limitations," if the "allegations of the complaint *affirmatively show* that the claim is time-barred," dismissal can be appropriate. *Michalak v. LVNV Funding, LLC*, 604 Fed. Appx. 492, 493 (6th Cir. 2015) (internal quotations omitted).

with the limitations period in § 1692k(d) is denied.

### B. OCSPA

Seterus moves to dismiss Hicks's claim under the OCSPA because the OCSPA does not apply to loan servicers. This Court agrees.

The Ohio Supreme Court in *Anderson v. Barclay's Capital Real Estate, Inc.* held that the OCSPA does not apply to mortgage service providers. 136 Ohio St. 3d 31, 32 (2013). It reasoned that mortgage servicing is an agreement between the mortgage servicer and the financial institution, not between the borrower and the mortgage servicer. *Id.* at 35. Although the mortgage servicer may deal directly with the borrower from time to time, it does not engage in these interactions for itself but does so on behalf of the financial institution. *Id.* In addition, the court held that transactions between mortgage servicers and homeowners "are not 'consumer transactions' within the meaning of the CSPA because there is no 'transfer of an item of goods, a service, a franchise, or an intangible, to an individual.'" *Id.* (quoting Ohio Rev. Code §1345.01(A)). Finally, the court held that loan servicers are not "suppliers" within the meaning of the OCSPA because they "do[] not engage in the business of effecting or soliciting consumer transactions." *Id.* at 38. *See also Taylor v. First Resolution Investment Corp.*, 148 Ohio St. 3d 627, 658 (Ohio 2016) ("We held [in *Anderson*] that the OCSPA did not apply to the mortgage-service providers.").

Hicks alleges in her Complaint that Seterus is a loan servicer for Fannie Mae. (Compl. ¶ 2) ("Defendant Seterus, Inc. is a foreign corporate entity that services loans for the Federal National Mortgage Association."). She also admits in her brief in opposition and her surreply that Seterus is a mortgage servicer acting on behalf of Fannie Mae. (Pl.'s Mem. in Opp. at 2)

("Defendant as the admitted loan servicer for Federal National Mortgage Association, (Fannie Mae), and admitted debt collector, dunned plaintiff with monthly billing statements demanding payment on a note on behalf of Fannie Mae despite Fannie Mae having lost its right to enforce the note and thus the mortgage."); (Pl.'s Surreply at 5) ("The defendant herein conducts massive business on behalf of FMNA servicing its mortgages."). Yet, in her surreply, she argues that *Anderson* does not apply here because, once Fannie Mae lost its right to enforce the note and mortgage, Seterus lost its status as a mortgage servicer and became a debt collector. As a debt collector, she argues that it was acting as a supplier engaging in the business of effecting a consumer transaction every time it sent a billing statement to her.

Hicks does not cite any case law in support of her argument. Moreover, she has expressly acknowledged in both her own allegations and statements in her briefs that, whether or not Fannie Mae had the right to enforce her mortgage, Seterus is a loan servicer that was acting on behalf of Fannie Mae when it sent her the billing statements. As such, the court's reasoning in *Anderson* applies to Seterus: it did not seek to provide Hicks with a good or service; rather, the service it provided–attempting to collect on Hicks's mortgage–was on behalf of Fannie Mae. *See also Clark v. Lender Processing Servs.*, 562 Fed. Appx. 460, 468 (6th Cir. 2014) (noting that, although pre-*Anderson* decisions had indicated that companies involved in the collection of consumer debts are suppliers under the OCSPA, these cases played no role in the *Anderson* court's reasoning even though mortgage servicing involves the collection of monthly payments). As a mortgage servicer, Seterus is not subject to the OCSPA. Hicks's claim under the OCSPA is therefore dismissed.

C. Emotional distress

Hicks includes a separate cause of action for emotional distress in her complaint. Seterus moved to dismiss the claim, arguing that she failed to state a viable claim for intentional infliction of emotional distress or negligent infliction of emotional distress. In her brief in opposition, Hicks clarifies that she is not bringing an independent cause of action for infliction of emotional distress. Rather, the claim is a part of her claim for damages under the FDCPA:

> [E]motional distress is automatically valid as actual damage for FDCPA misconduct per statute and corresponding case law. The requirements of state tort law for intentional infliction of emotional distress do not apply. Same is a question of fact wherein testimonial evidence is the measure and a question of fact simply cannot be determined at the pleading stage as with all damages.

(Pl.'s Mem. in Opp. at 11). Thus, for purposes of clarifying the record, the Court will not construe Hicks's claim for "emotional distress" as an independent claim for relief.

D. Seterus's Exhibit A

Hicks asks that the Court strike Exhibit A to Seterus's motion to dismiss. Exhibit A is an opinion by the Ohio Eighth District, which was vacated by *Hicks II*. The Court has not considered Exhibit A in ruling on Seterus's motion, so the request is denied as moot.

**CONCLUSION**

For the foregoing reasons, Defendant Seterus, Inc.'s Motion to Dismiss (Doc. 5) is GRANTED IN PART AND DENIED IN PART. Plaintiff's claim under the OCSPA is dismissed, and her claim for "emotional distress" will be construed as part of her claim for damages under the FDCPA. Her claim under the FDCPA remains pending.

IT IS SO ORDERED.

                                        /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Court
                                        Chief Judge

Dated: 6/29/18